IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DERRICK LAWAYNE DANIELS,    )
                            )
     Plaintiff,             )
                            )     CIVIL ACTION NO.
     v.                     )       2:23cv517-MHT
                            )           (WO)
CAPTAIN LASTER, et al.,     )
                            )
     Defendants.            )
```

ORDER

This cause is now before the court on plaintiff's notice of appeal (Doc. 18), which the court is treating as a motion to proceed on appeal in forma pauperis.

28 U.S.C. § 1915(a) provides that, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam); *see also*

*Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981).

Applying this standard, this court is of the opinion that the plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See, e.g., Rudolph v. Allen*, *supra*; *Brown v. Pena*, 441 F. Supp. 1382 (S.D. Fla. 1977), *aff'd without opinion*, 589 F.2d 1113 (5th Cir. 1979). The court dismissed this case on March 13, 2024, for failure to prosecute by not paying the initial filing fee in a timely manner. Plaintiff had 30 days from March 13, 2024, to file a notice of appeal, but he failed to do so. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). On November 22,

2024, plaintiff filed a motion for leave to appeal in forma pauperis (Doc. 16) but failed to explain why he failed to appeal earlier. The court denied that motion in part because it was too late to appeal, which made his motion for leave to appeal in forma pauperis moot. Furthermore, plaintiff failed to sign the motion and affidavit in support of the motion, had the affidavit notarized, or swear under penalty of perjury that the information in the affidavit was correct. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented."); 28 U.S.C. § 1915(a)(1) and (2) (setting forth filing requirements, including affidavit, for prisoners appealing in forma pauperis); 28 U.S.C. § 1746 (allowing the filing of unsworn declarations under penalty of perjury in place of notarized affidavits).

***

Accordingly, it is ORDERED that the plaintiff's motion to proceed on appeal in forma pauperis is denied; and that the appeal in this cause is certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith.

DONE, this the 11th day of February, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE